**SHAO XIONG RONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 07–2998–ag.

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

Jorge Guttlein, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shao Xiong Rong, a native and citizen of China, seeks review of the June 19, 2007 order of the BIA denying his motion to reopen. *In re Shao Xiong Rong,* No. A72 303 299 (B.I.A. June 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Normally, we review the agency's denial of a motion to reopen for an abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). In this case, however, as the Government urges, we dismiss the petition for review pursuant to the fugitive disentitlement doctrine. Under this discretionary doctrine, "an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega–Rodriguez v. United States,* 507 U.S. 234, 239, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). We recently reaffirmed the applicability of this doctrine in the immigration context, in which an alien is considered a "fugitive from justice" when (1) the government issues him a "bag-and-baggage" letter,[1] ordering him to report for deportation, and (2) the alien fails to comply.

*Qian Gao v. Gonzales,* 481 F.3d 173, 176 (2d Cir.2007) (citing *Ofosu v. McElroy,* 98 F.3d 694, 700 (2d Cir.1996)). As we noted, considering petitions filed by aliens who disregard such letters "would have the perverse effect of encouraging aliens to evade lawful deportation orders in the hope that, while they remain fugitives, they may contrive through their own efforts a new basis for challenging deportation." *Id.* at 178. Moreover, "disentitling a fugitive from appealing a judgment that he has fled sends a clear message to similarly situated litigants—flee the effect of a judgment and the privilege of challenging that judgment vanishes with you." *Id.* at 177.

In this case, the BIA issued Rong a bag-and-baggage letter in June 1996, ordering him to report for deportation in August 1996. Rong did not comply with this notice, and instead proceeded to file four motions to reopen, including the one on review here. In response, the Government provided the BIA with a copy of the bag-and-baggage letter, and a copy of the return receipt indicating that Rong had received the letter. To date, Rong has neither denied receiving the letter nor explained his failure to comply. Under these circumstances, we find it appropriate to invoke the fugitive disentitlement doctrine and dismiss Rong's petition for review. *See id.* at 178.

For the foregoing reasons, the petition for review is DISMISSED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. A bag-and-baggage letter is another term for a notice to surrender for deportation. *Qian*

*Gao v. Gonzales,* 481 F.3d 173, 175 (2d Cir. 2007).